IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JAMES C. FOCHT and KAREN FOCHT, | ) | Case No. 3:18-cv-151 |
| --- | --- | --- |
| | ) | |
| Plaintiffs, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| SETERUS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

## I. Introduction

Before the Court is Defendant Seterus, Inc.'s Motion to Dismiss the Complaint. (ECF No. 3.) Defendant moves to dismiss Plaintiffs' Complaint in its entirety and specifically moves to dismiss Counts 2, 3, 4, and 7 of Plaintiffs' seven-count Complaint. The Motion has been fully briefed (*see* ECF Nos. 3, 4, 5) and is ripe for disposition. For the reasons that follow, the Court will **GRANT** Defendant's Motion with respect to Counts 2 and 7 of the Fochts' Complaint and **DENY** it in all other respects.

## II. Jurisdiction

The Court has jurisdiction over Plaintiffs' federal claim pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plantiffs' state-law claims under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

## III. Background

On July 9, 2018, Plaintiffs James C. Focht and Karen Focht (collectively "the Fochts")

filed a seven-count complaint against Seterus, Inc. in the Court of Common Pleas of Blair County, Pennsylvania. (*See* ECF No. 1-3.) Seterus removed the action from state court to federal court under 28 U.S.C. § 1446 on July 30, 2018. (ECF No. 1.) After removal to this Court, Seterus filed a Motion to Dismiss the Complaint on August 8, 2018. (ECF No. 3.)

In their Complaint, the Fochts allege the following facts, which the Court considers true for purposes of deciding the instant Motion. The Fochts own real property in Tyrone, Pennsylvania that is subject to a mortgage held by Fannie Mae (the "Mortgage"). (ECF No. 1-3 ¶ 3.) Seterus is a third-party loan-servicing company that collects debt and services mortgages on Fannie Mae's behalf. (*Id.* ¶¶ 4-6.) Seterus services the Fochts' Mortgage. (*Id.*)

The Fochts repeatedly contacted Seterus and unsuccessfully requested that Seterus lower the interest rate on the Mortgage. (*Id.* ¶ 9.) To obtain a loan with a lower interest rate, the Fochts sought to satisfy the Mortgage in full by obtaining a home equity loan from a bank to pay the Mortgage's balance. (*Id.* ¶¶ 9-10.) The Mortgage Agreement between the Fochts, Fannie Mae, and Seterus requires the mortgagees to release the Fochts' rights and close the account upon full payment and satisfaction of the Mortgage. (*Id.* ¶ 11.)

Between March and May of 2018, the Fochts made several attempts to tender full payment of the Mortgage's balance to Seterus. Seterus and Fannie Mae repeatedly failed to provide the Fochts with the total payoff amount to satisfy the Mortgage. (*Id.* ¶¶ 21-22.) The Fochts sent Seterus a check for $139,307.50 to pay off the principal of the Mortgage. (*Id.* ¶ 21.) Seterus rejected this check and informed the Fochts that an additional $429.49 was required to fully satisfy the Mortgage. (*Id.*) The Fochts resent the check for $139,307.50 and

-2-

enclosed another check for $1,777.05. (*Id.*) Seterus also rejected these checks and informed the Fochts that charges, interest, and late fees had accrued during the period where the Fochts attempted to satisfy the Mortgage in full. (*Id.* ¶¶ 22-26.)

In their Complaint, the Fochts allege that Seterus violated Pennsylvania and federal law by inadequately communicating with the Fochts and refusing to accept full payment of the Mortgage. (*Id.*) The Fochts also allege that Seterus failed to follow the terms of the contract between the Fochts and Fannie Mae. The Fochts allege that Seterus's refusal to accept full payment of the loan resulted in improper charges, interest, and late fees to the Fochts' account, which had a negative effect on the Fochts' credit scores. (*Id.* ¶¶ 28-29.)

On August 8, 2018, Seterus filed its Motion to Dismiss the Complaint (ECF No. 3) in its entirety and specifically moved to dismiss four of the seven counts in the Fochts' Complaint.

## IV. Standard of Review

A complaint may be dismissed under Federal Rule of Civil Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

-3-

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[1] First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

V.  Discussion

   A.  Seterus Does Not Establish that the Fochts' Entire Complaint Fails to State a Claim

In its Motion to Dismiss, Seterus argues that the Fochts' entire complaint should be

---

[1] Although *Iqbal* described the process as a "two-pronged approach," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (2010)).

dismissed because the Fochts' did not comply with Seterus's March 22 and April 20, 2018, payoff letters that stated the total payoff amount for the Mortgage and conditions for paying it off. (ECF No. 3 at 5-6.)

This cursory, one-page argument fails for several reasons. First, the Court cannot consider the March 22 and April 20, 2018, payoff letters in ruling on Seterus's Motion to Dismiss. "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). "However, an exception to the general rule is that a 'document *integral to or explicitly relied upon* in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'"[2] *Id.* at 249 (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)) (emphasis in original). "Documents are integral when the plaintiff's claims are based on the document." *Hearbest, Inc. v. Adecco USA*, No. 13CV1026, 2013 WL 4786232, at *3 (W.D. Pa. Sept. 6, 2013); *Apple Am. Grp., LLC v. GBC Design, Inc.*, No. CV 3:15-325, 2018 WL 948772, at *10 (W.D. Pa. Feb. 15, 2018) (Gibson, J.).

Here, the Court finds that the March 22 and April 20, 2018, payoff letters were not integral to the Fochts' Complaint. The Fochts' Complaint did not attach or explicitly reference the payoff letters. Rather, the Fochts specifically allege that Seterus did not

---

[2] "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here the plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." *Schmidt*, 770 F.3d 241 at 249 (internal citations omitted).

provide them with the amount required to pay off the mortgage, despite repeated attempts on their part to obtain a payoff amount. (*See* ECF No. 1-3 ¶¶ 20-21.) The only reference to these letters in the record is as attachments to Seterus's motion to dismiss. (*See* ECF No. 3, Exs. A and F.) Therefore, the Court will not consider the March 22 and April 20, 2018 payoff letters in ruling on this Motion to Dismiss.

Second, the Fochts specifically allege in their Complaint that Seterus never provided them with a payoff total. The Complaint details all the correspondence that the Fochts received from Seterus without mentioning either the March 22 or April 20, 2018, payoff letters that Seterus relies on in its Motion to Dismiss. (*Id.* ¶ 22.) Therefore, the Court must accept that the Fochts had no opportunity to comply with the terms of the payoff letters.

Third, dismissal of the entire complaint for the Fochts' failure to comply with two payoff letters is inappropriate because the payoff letters are irrelevant to several counts in their Complaint. For instance, Count 2 alleges that Seterus failed to adhere to the terms of the Mortgage Agreement between the Fochts and Fannie Mae. (*Id.* ¶¶ 45-49.) The payoff letters have no effect on this claim. Similarly, Count 6 alleges that Seterus improperly reported negative information about the Fochts to credit-reporting bureaus, which is entirely unrelated to the payoff letters. (*Id.* ¶¶ 76-86.) Therefore, the Court rejects Seterus's argument that the Fochts' Complaint should be dismissed in its entirely and denies Seterus's Motion to Dismiss the Complaint in this regard. Accordingly, the Court will analyze Seterus's specific requests to dismiss Counts 2, 3, 4, and 7 of the Fochts' Complaint.

**B.  The Court Will Dismiss Count 2 Because Third-Party Mortgage Servicers Cannot Be Liable for Breaching a Mortgage Agreement Under Pennsylvania Law**

In Count 2 of their Complaint, the Fochts allege that Seterus, as Fannie Mae's agent, breached the terms of the Mortgage Agreement between Fannie Mae and the Fochts by refusing to accept full payment and satisfaction of the Mortgage. (*See id.* at ¶¶ 45-49.) Regardless of the terms of the Mortgage Agreement, this claim fails because third-party mortgage servicers cannot be sued for breach of a mortgage contract or note under Pennsylvania law.

Seterus is a mortgage servicer. A mortgage servicer is an entity that "receiv[es] any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . ." *Dahl v. AmeriQuest Mortg. Co.*, 954 A.2d 588, 594-95 (Pa. Super. Ct. 2008) (citing the definition of mortgage servicer in 12 U.S.C. § 2605(i)(2)); *see also Trunzo v. Citi Mortg.*, 876 F. Supp. 2d 521, 532-33 (W.D. Pa. 2012) (Hornak, J.) (concluding that Seterus is a servicer of Fannie Mae mortgages). In their Complaint, the Fochts noted that Seterus is a mortgage-servicing company that serviced the Mortgage on behalf of Fannie Mae. (ECF No. 1-3 ¶ 4.)

Courts applying Pennsylvania law consistently hold that third-party mortgage servicers cannot be sued for breach of contract based on the contract or note between the mortgagee and mortgagor. *Ruff v. America's Servicing Co.*, No. 07-0489, 2008 WL 1830182, at *3-*4 (W.D. Pa. Apr. 23, 2008) (holding that a mortgage servicer was not a party to the underlying mortgage agreement and that it could not be sued for breach of the mortgage agreement); *Trunzo*, 876 F. Supp. 2d at 533 ("As a 'servicer' only receives limited rights and obligations under the mortgage contract relating to servicing, it is not a party to the original

debt instruments like a 'lender' or 'note holder,' and, therefore, cannot be held liable for breaches in obligations that remain held by the 'lender' or note holder."); *see also Glover v. Udren*, No. 08-990, 2013 WL 12140444, at *4-*5 (W.D. Pa. Jan. 2, 2013).

Therefore, the Court will dismiss Count 2 of the Fochts' Complaint with prejudice.

C. **The Court Will Not Dismiss Count 3 Because the Fochts Plausibly Pled That They Tendered the Full Balance of the Mortgage Under 21 PA. CONS. STAT. § 721**

In Count 3 of their Complaint, the Fochts allege that Seterus violated 21 PA. CONS. STAT. § 721-6 by refusing to accept payment to satisfy the Mortgage. (ECF No. 1-3 ¶¶ 50-57.) Section 721-6 provides that "[a]fter the entire mortgage obligation as well as all required satisfaction and recording costs have been paid to the mortgagee, the mortgagor may send a notice to the mortgagee to present for recording a satisfaction piece to avoid damages." In its Motion to Dismiss, Seterus argues that the Fochts did not state a cognizable claim under Section 721-6 because they did not tender satisfaction and recording costs alongside their payment of the rest of the mortgage obligation. (ECF No. 3 at 7-8.)

The Fochts sufficiently pled a claim under Section 721-6. The Fochts allege that they tendered "full payment" to Seterus on multiple occasions. (*See* ECF No. 1-3 ¶¶ 12, 15-16, 22(a)-(b), 52.) The Fochts allege that they made these good-faith efforts to fully satisfy the Mortgage despite Seterus's failure to provide them with the exact amount owed. (*Id.* ¶ 21.) The plain language of these allegations plausibly suggests that the Fochts paid Seterus an amount sufficient to fully satisfy the Mortgage, including any satisfaction and recording costs. Further, the Fochts allege that they had a sufficient balance in their escrow account to cover any shortfall in their attempted satisfaction of the Mortgage. (*Id.* ¶¶ 13-17.) Taken

as a whole, the Fochts' Complaint pled specific facts to establish that they paid Seterus a sufficient amount to satisfy the mortgage obligation as well as any satisfaction or recording costs. Accordingly, the Court will not dismiss Count 3 of the Fochts' Complaint.

### D. The Court Will Not Dismiss Count 4 Because the Fochts Plausibly Pled a Cause of Action Under 73 PA. CONS. STAT. § 2270.4

In Count 4 of their Complaint, the Fochts allege that Seterus violated the Pennsylvania Fair Credit Extension Uniformity Act (FCEUA), 73 PA. CONS. STAT. § 2270.4, which prohibits creditors and debt collectors from utilizing unfair and deceptive practices. (*See id.* ¶¶ 58-72.) Seterus moves to dismiss Count 4, arguing that the FCEUA does not provide individuals with a private cause of action to enforce violations. (ECF No. 3 at 8.)

Seterus mischaracterizes the law by arguing that the FCEUA does not provide a private cause of action. While it is true that the FCEUA technically does not provide for private causes of action, courts have interpreted Pennsylvania's consumer-protection laws so that individuals may seek relief under the FCEUA. The Third Circuit case Seterus cites in its Motion holds that while the FCEUA "does not provide its own private cause of action . . . it is enforced through the remedial provision of the UTPCPL[,]" Pennsylvania's Unfair Trade Practices and Consumer Protection Law. *See Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 182 (3d Cir. 2015) (citing 73 PA. CONS. STAT. §§ 2270.2; 2270.5); *see also Benner v. Bank of Am., N.A.*, 917 F. Supp. 2d 338, 359-60 (E.D. Pa. 2013) ("Since the FCEUA does not provide individuals with the right to institute private causes of action for violations, individual plaintiffs must use the remedial provision of the UTPCPL to obtain relief [under the FCEUA.]"). Courts applying Pennsylvania law hold that the state legislature intended for

private claims under the FCEUA, so long as the plaintiff suffers an ascertainable loss as a result of the FCEUA violations. *Kaymark*, 783 F.3d at 182 (citing *Kern v. Lehigh Valley Hosp., Inc.*, 108 A.3d 1281, 1290 (Pa. Super. 2015)) ("The inclusion of a violation of the FCEUA as also being a violation of the UTPCPL evinces a clear intent by [the Pennsylvania] Legislature that FCEUA claims must be treated in the same manner as other private action claims under the UTPCPL . . . . FECUA [*sic*] claims therefore must plead that a plaintiff suffered an ascertainable loss as a result of defendant's prohibited action.").

The Fochts's Complaint states a plausible claim under the FCEUA because it alleges violations of the FCEUA and ascertainable loss. The Fochts allege that Seterus refused to communicate the Mortgage's balance and accept full payment, which resulted in the improper assessment of fees and charges to the Fochts' account. (ECF No. 1- 3 ¶¶ 63-64.) This plausibly amounts to a "false representation of the character, amount, or legal status of any debt" under the FCEUA. 73 PA. CONS. STAT. § 2270.4(b)(5)(ii). And because the improper assessment of fees and charges to the Fochts' account is an ascertainable loss, the Fochts pled a plausible claim under the FCEUA.

Further, the Fochts allege that Seterus provided credit-reporting agencies with negative information regarding the Mortgage without notifying the credit-reporting agencies that the Fochts disputed the accuracy of the information—particularly the balance of the Mortgage and the assessment of late charges and fees. (ECF No. 1-3 ¶¶ 68-69.) This is a violation of the federal Fair Debt Collection Practices Act. *See* 15 U.S.C. § 1681s-2(a)(3) ("If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not

furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer."). Therefore, this is also a violation of Pennsylvania's FCEUA, which includes all violations of the federal Fair Debt Collection Practices Act. *See* 73 PA. CONS. STAT. § 2270.4(a) ("It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act.").

Accordingly, the Court will not dismiss Count 4 of the Fochts' Complaint.

### E. The Court Will Dismiss Count 7 Because the Fochts Failed to Plausibly Plead a Cause of Action Under 12 U.S.C. § 2605

In Count 7 of their Complaint, the Fochts allege that Seterus failed to comply with the federal Real Estate Settlement Procedures Act (RESPA). (ECF No. 1-3 ¶¶ 87-100) (citing 12 U.S.C. § 2605). To bring a claim under RESPA, the plaintiff must show (1) the submission of a qualified written request by a borrower to a loan servicer, (2) a failure by the loan servicer to timely respond, and (3) damages. *See Stefanowicz v. Sun Trust Mortg.*, No. 3:16-CV-368, 2018 WL 1385976 (M.D. Pa. Feb. 13, 2018). Seterus moves to dismiss the Fochts' RESPA claim because it was not pled with adequate specificity. (ECF No. 3 at 8-9.)

The Fochts do not plead a plausible claim under RESPA. First, the Fochts allege that they sent a qualified written requests to Seterus. (ECF No. 1-3 ¶ 88.) RESPA defines a "qualified written request" as:

> a written correspondence . . . that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)-(2).

The Fochts' Complaint alleges that they sent several qualified written requests to Seterus. (ECF No. 1-3 ¶ 94.) The Complaint only specifically identifies one written request—a letter that the Fochts' attorney, Sy O. Lampl, sent to Seterus on June 8, 2018. (*See* ECF No. 1-3, Ex. A.) The letter includes the Fochts' names and loan number. (*Id.*) The letter complains that Seterus never responded to the Fochts' requests for a payoff amount and failed to accept payment to satisfy the mortgage. (*Id.*) Therefore, the Fochts' Complaint adequately alleges that they sent a qualified written request to Seterus.

However, the Fochts' Complaint fails to plausibly allege that Seterus did not timely respond to their June 8 letter within the thirty-day response period under RESPA. *See* 12 U.S.C. § 2605(e)(2) (providing servicers with thirty days, excluding weekends and public holidays, to respond to qualified written requests).[3] While there is no evidence that Seterus responded to the Fochts' June 8 letter (ECF No. 1-3 ¶ 22), the Fochts filed their Complaint before Seterus's thirty-day response period passed. The Fochts filed their Complaint against Seterus on July 9, 2018, which was only twenty weekdays into Seterus's thirty-day period (excluding weekends) to respond to the June 8 letter. (*See* ECF No. 1-3.) Therefore, in the absence of a qualified written request other than the June 8 letter, the Fochts' RESPA claim fails because Seterus did not have a full opportunity to timely respond. *See Jones v. ABN AMBRO Mortg. Group, Inc.*, 551 F. Supp. 2d 400, 411 (E.D. Pa. 2008) (dismissing failure-

---

[3] In its Motion to Dismiss, Seterus improperly asserts that the timeframe to respond to a qualified written request under RESPA is sixty days, not thirty days excluding weekends and public holidays as provided by 12 U.S.C. § 2605(e)(2). (*See* ECF No. 3 at 9.)

to-respond RESPA claim because defendant's deadline to respond to plaintiffs' qualified written request had not passed when plaintiffs filed their complaint).

Accordingly, the Court will dismiss Count 7 of the Fochts' Complaint without prejudice.

## VI. Conclusion

For the reasons set forth above, Seterus's Motion to Dismiss the Complaint (ECF No. 3) is **GRANTED IN PART** and **DENIED IN PART**. The Court will dismiss Count 2 with prejudice because a mortgagor-plaintiff cannot sue a mortgage servicer for breaching the contract between the mortgagor and mortgagee. The Court will dismiss Count 7 without prejudice because the Fochts did not allow Seterus the statutorily required 30 days to respond to their qualified written request. Seterus's Motion to Dismiss the Complaint is denied in all other respects.

A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JAMES C. FOCHT and KAREN FOCHT, | ) | Case No. 3:18-cv-151 |
|---|---|---|
| Plaintiffs, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| SETERUS, INC., | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 18th day of September, 2018, upon consideration of the Defendants' Motion to Dismiss the Complaint (ECF No. 3), and for the reasons set forth in the accompanying memorandum opinion, **IT IS HEREBY ORDERED** that Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**. The Motion is granted with respect to Counts 2 and 7 and denied in all other regards. Count 2 is hereby dismissed with prejudice and Count 7 is hereby dismissed without prejudice.

BY THE COURT

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE