IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES C. FOCHT and KAREN FOCHT, | ) | Case No. 3:18-cv-151 |
| | ) | |
| Plaintiffs, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, d/b/a | ) | |
| MR. COOPER, as successor in interest to | ) | |
| SETERUS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiffs James and Karen Focht's Motion to Compel Discovery and Impose Sanctions. (ECF No. 25.) Defendant Nationstar Mortgage, LLC filed a response (ECF No. 26) and Plaintiffs filed a reply. (ECF No. 27.) Accordingly, the Motion is ripe for disposition. For the reasons that follow, the Court will **GRANT** Plaintiffs' Motion **IN PART**.

### I.     Background

This case arises from a dispute regarding a mortgage on a home that Plaintiffs own in Tyrone, Pennsylvania. (ECF No. 1-3 ¶ 3.) Seterus, Inc. is a mortgage-servicing company that serviced Plaintiffs' mortgage. (*Id.* ¶¶ 4-6.) Plaintiffs allege that Seterus—and its successor in interest Nationstar Mortgage, LLC doing business as Mr. Cooper (collectively "Defendant")—violated federal and Pennsylvania law by failing to accept payment to satisfy the mortgage and failing to adequately communicate with the Plaintiffs. (ECF No. 1-3 ¶¶ 40-100.)

The instant discovery dispute arises from Defendant's alleged failure to respond to Plaintiffs' discovery requests. Plaintiffs served a set of interrogatories and requests for production of documents upon Defendant on February 5, 2019. (ECF No. 25 at 1.) Plaintiffs agreed to extend the deadline to respond to those requests until June 7, 2019. (ECF No. 25 at 1-2; ECF No. 26 at 1.)

Defendant did not respond to Plaintiffs' interrogatories until June 12, 2019. (ECF No. 25 at 1.) Defendant did provide Plaintiffs with relevant documents on a rolling basis while the discovery requests were outstanding. (ECF No. 26 at 1-2.)

In their Motion, Plaintiffs argue that:

(1)    Defendant should be precluded from objecting to Plaintiffs' interrogatories because Defendant waived its right to object by responding untimely and without good cause (ECF No. 25 at 2-3);

(2)    Defendant should be required to serve verified answers to Plaintiffs' interrogatories (*id.* at 3);

(3)    Defendant should be compelled to answer or supplement its answers to Interrogatories one through four and seven through thirteen (*id.* at 3-7); and

(4)    Defendant's failure to respond to Plaintiffs' discovery requests and failure to provide adequate responses justifies the imposition of sanctions. (*id.* at 7-9.)

Defendant disagrees with each of Plaintiffs' arguments. (ECF No. 26 at 2-5.) Defendant attached amended responses to Plaintiffs' interrogatories that address many of Plaintiffs' arguments regarding the sufficiency of Defendant's interrogatory responses. (ECF No. 26-3.)

Plaintiffs filed a reply brief addressing Defendant's response to Plaintiffs' Motion and the amended interrogatory responses it attached. (ECF No. 27.) In their reply, Plaintiffs argue that Defendant should be precluded from presenting fact witnesses at trial beyond those listed in their amended interrogatory responses. (*Id.* at 2-3.) Plaintiffs do not take issue with Defendant's amended interrogatory responses in their reply. (*See id.*)

The Court will address the parties' arguments in turn.

## II.    Legal Standard

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide discovery. *See* FED R. CIV. P. 37. The party moving to compel discovery under Rule 37 bears the initial burden of proving the relevance of the material requested. *See Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). If the movant meets this initial burden, then the burden shifts to the party resisting discovery to establish that discovery of the material requested is inappropriate. *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The party resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982).

Federal Rule of Civil Procedure 37 authorizes the Court to levy sanctions when a party fails to comply with discovery deadlines. *See* FED. R. CIV. P. 37(b)(3)(B)(iv); *Yoder v. Frontier Nursing Univ., Inc.*, No. 17-cv-18, 2018 WL 1524395, at *1 (W.D. Pa. Mar. 28, 2018) (Gibson, J.). Under Rule 37(d), "[t]he court where the action is pending may . . . order

sanctions if . . . a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." FED. R. CIV. P. 37(d)(1)(A). "[T]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[1] FED. R. CIV. P. 37(d)(3).

## III.    Discussion

### A.    The Court Finds that Defendant Has Not Waived its Right to Object to Plaintiffs' Discovery Requests

Under Federal Rule of Civil Procedure 33, "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4).

Here, Defendant admits that it served its discovery responses beyond the parties' agreed-to deadline of June 7, 2019. (ECF No. 26 at 2.) However, Defendant served its responses on June 12, 2019—only three business days after the deadline. (*Id.*) Defendant's noncompliance with the discovery deadline was slight. Defendant had provided Plaintiffs with documents on a rolling basis, which indicates that Defendant did

---

[1] Rule 37 authorizes the Court to impose sanctions other than the imposition of expenses for a party's failure to respond to discovery requests. FED. CIV. P. 37(d)(3). The Court may issue an order: (1) directing that the matters embraced in the order or other designated facts be taken as established for the purpose of the action, as the prevailing party claims; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) dismissing the action or proceeding in whole or in part; (6) rendering a default judgment against the disobedient party; or (7) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. FED. R. CIV. P. 37(b)(2)(A).

not blatantly ignore the discovery deadline. (*Id.* at 1-2.) Defendant also represents that it "ha[d] been working on obtaining the relevant documentation," which indicates good cause for failing to timely respond by three business days. (*Id.*) Accordingly, the Court finds that Defendant's noncompliance with the discovery deadline does not preclude Defendant from objecting to Plaintiffs' discovery requests.

## B. Defendant is Required to Provide Verified Answers to its Interrogatory Responses

Federal Rule of Civil Procedure 33 requires that interrogatory responses are verified by the signature of the responding party and that any objections are signed by the objecting attorney. FED. R. CIV. P. 33(b)(5). In its response to Plaintiffs' Motion, Defendant admits that it must provide a verification to its interrogatory responses. (ECF No. 26 at 1.) Accordingly, the Court will order Defendant to verify its interrogatory responses.

## C. The Court Will Not Compel Defendant to Further Amend its Interrogatory Reponses

A review of Defendant's supplemental responses to Plaintiffs' discovery requests shows that Defendant more thoroughly responded to interrogatories one through four and seven through thirteen. (ECF No. 26-3.) Defendant's supplemental responses either provided additional responsive information or clarified its objections. (*Compare* ECF No. 25-3 *with* 26-3.) In its reply brief, Plaintiffs do not take issue with Defendant's supplemental responses to their interrogatories. Accordingly, the Court will not compel Defendant to provide further responses to interrogatories one through four and seven

through thirteen. The parties are encouraged to attempt to resolve additional issues regarding these interrogatories before seeking intervention from the Court.

### D. The Court Will Impose Sanctions Against Defendant; Defendant Shall Pay the Attorney Fees and Costs That Plaintiffs Incurred in Filing this Motion

Under Rule 37, "[t]he court where the action is pending may . . . order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written responses." FED. R. CIV. P. 37(d)(1). The Court may require the noncomplying party to pay reasonable expenses, including attorney fees, caused by the failure. FED. R. CIV. P. 37(d)(2). Additionally, the party seeking sanctions must certify that it conferring with the other party in good faith in an attempt to resolve the discovery dispute without court intervention.

Here, Defendant failed to timely respond to Plaintiffs' interrogatories. Plaintiffs' counsel conferred with Defendant's counsel in an attempt to resolve the discovery dispute before filing their Motion to Compel. (*See* ECF No. 25-2.) On May 31, 2019—a week before the parties' agreed-to discovery deadline—Plaintiffs' counsel informed Defendant's counsel that he would file a motion to compel if Defendant did not respond to the discovery requests by June 7, 2019. Plaintiffs' counsel had also informed Defendants' counsel that Plaintiffs would not consent to further extensions. (*Id.*) Defendant did not respond to the discovery requests until June 12, 2019. While Defendant's noncompliance with the discovery deadline was slight, it knew that Plaintiffs would file a Motion to Compel if it did not adhere to the June 7 deadline. Accordingly, the Court will assess

sanctions against Defendant. Defendant shall pay Plaintiffs' reasonable attorney fees and costs associated with filing the instant Motion.

E.     **Defendant May Amend its Interrogatory Responses to Include Additional Fact Witnesses**

In their reply brief, Plaintiffs argue that Defendant should be precluded from calling any witness at trial that it has not identified as a potential witness in its Rule 26 disclosures or its discovery responses. The Court recognizes that under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." FED. R. CIV. P. 37(c)(1). Rule 26 provides that "[a] party who has made a disclosure under Rule 26(a) . . . or responded to an interrogatory . . . must supplement its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect." FED. R. CIV. P. 26(e)(1)(A).

The Court will not enter an order precluding Defendant from introducing a witness at trial not named in its response to Interrogatory Number 2. The Court finds that at this stage in the case, Defendant may be prejudiced by such an order. However, Defendant shall comply with the disclosure requirements of Rules 26 and 37. In light of the August 1, 2019 fact discovery deadline in this matter, the Court will extend fact discovery by 21 days to allow Defendant to properly disclose additional fact witnesses. If necessary, Plaintiffs may address any issues regarding undisclosed witnesses via motion *in limine* before trial.

# IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Compel Discovery and Impose

Sanctions is **GRANTED IN PART**.

A corresponding order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES C. FOCHT and KAREN FOCHT, )     Case No. 3:18-cv-151
                                      )
            Plaintiffs,           )     JUDGE KIM R. GIBSON
                                      )
     v.                               )
                                      )
NATIONSTAR MORTGAGE, LLC, d/b/a )
MR. COOPER, as successor in interest to )
SETERUS, INC.                       )
                                      )
            Defendant.           )

## ORDER

AND NOW, this _15th_ day of July, 2019, upon consideration of Plaintiffs' Motion to Compel Discovery and Impose Sanctions (ECF No. 25), **IT IS HEREBY ORDERED** that the Motion is **GRANTED IN PART.**

**IT IS FURTHER ORDERED AS FOLLOWS:**

(1)      Defendant did not waive its right to object to Plaintiffs' discovery requests;

(2)      Defendant shall serve properly verified interrogatory responses upon Plaintiff within 14 days of the entry of this Order;

(3)      Defendant is not required to supplement its responses to Plaintiffs' interrogatories;

(4)      Plaintiffs are entitled to sanctions. Defendant shall pay Plaintiffs' reasonable costs and attorney fees that Plaintiff associated with filing this Motion. Within 14 days of the entry of this Order, Plaintiffs shall file an itemization of the costs and attorney fees that they incurred. Defendant may file any objection to this itemization within seven days of its filing;

(5)      Defendant is not precluded from supplementing its Rule 26 disclosures and interrogatory responses with additional fact witnesses;

(6)    The period for fact discovery in this matter is extended 21 days until **August 22, 2019**.

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**