IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES C. FOCHT and KAREN FOCHT,<br><br>　　　　　*Plaintiffs*,<br><br>　　v.<br><br>NATIONSTAR MORTGAGE, LLC d/b/a<br>MR. COOPER, AS SUCCESSOR IN<br>INTEREST TO SETERUS, INC.,<br><br>　　　　　*Defendant.* | CIVIL ACTION NO. 3:18-cv-151 |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES

Counsel for Plaintiffs has submitted an Itemization of Attorneys' Fees and Costs in the amount of $3,227.50 (the "Itemization") in preparing and drafting Plaintiffs' Motion to Compel Discovery. Defendant objects to the Itemization and request for attorneys' fees on three grounds. First, the Itemization fails to comply with the requirements for establishing the reasonableness for the attorney's rates. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983):

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

Plaintiffs' counsel has submitted an Exhibit listing hourly rates of $250.00 for Attorney "SL[1]" and $400.00 for Attorney "JRC."[2] There is nothing in the Itemization suggesting why the listed hourly rates of $250.00 and $400.00 per hour are an appropriate billing rate, what experience

---

[1] Defendant believes the reference to SL is Sy Lampl, Esquire.
[2] Defendant believes the reference to JRC is James R. Cooney, Esquire.

the attorneys have or why an attorney who charges $400.00 per hour is required to have involvement in a routine motion to compel. Further, the Itemization provides no biographical information at all as to Attorneys Lampl or Cooney. *See, Rode v. Dellarciprete*, 892 F. 2d 1177, 1183 (3d Cir. 1990) (stating that "[T]he court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."). The Itemization is not adequate to demonstrate that these billing rates are appropriate.

Second, a fee request for over $3,200.00 for the preparation of a routine motion to compel is patently unreasonable. The matter was not factually or legally complex and much of the work could have been done by a paralegal or an attorney with a billing rate substantially lower than submitted here. *See, Halderman v.Pennhursty State School*, 49 F.3d 939, 942 (3d Cir. 1995) (finding it is inappropriate to use highly-priced lawyers for matters easily delegable to non-professionals).

Further, the hours expended here by Plaintiffs' counsel are plainly excessive. For example, on June 11, 17, 25, 26 and 27, 2019, Attorney Cooney essentially doubled-billed for the same work performed by Attorney Lampl. "The district court should exclude hours that are not reasonably expended…Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." *Rode v. Dellarciprete*, 892 F. 2d 1177 (3rd. Cir. 1990). Instantly, there was simply no need for two attorneys to handle and bill for a routine motion to compel. Attorney Cooney billed 4.1 hours for a total of $1,871.00. The hours expended by Cooney were redundant, unnecessary and should be excluded. The time entries by Sy Lampl for e-mails on May 31, 2019, June 10, 2019, June 11, 2019 and June 12, 2019 constitute an entire hour of billing, and the bulk

of these e-mails are one or two sentences. (Copies of the subject emails in question are attached hereto and collective marked as Exhibit "A")

In conclusion, Plaintiffs' Itemization is both procedurally and substantively deficient, and it asks the Court to award fees that were neither reasonable nor necessary to the filing of the motion to compel. Defendant requests that the attorneys' fee request be denied in its entirety or dramatically reduced to an amount in keeping with the appropriate work required in the filing of the motion, which Defendant estimates to be below $1,000.00.

Respectfully submitted,

**HLADIK, ONORATO & FEDERMAN, LLP**

By: _Eric J. Phillips_
    Stephen M. Hladik, Esquire
    Eric J. Phillips, Esquire
    *Attorneys for Defendant*

Date: ___August 5, 2019___