IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JAMES C. FOCHT and KAREN FOCHT, | ) | Case No. 3:18-cv-151 |
| --- | --- | --- |
| | ) | |
| Plaintiffs, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, d/b/a | ) | |
| MR. COOPER, as successor in interest to | ) | |
| SETERUS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court are Plaintiffs James and Karen Focht's Motion for Sanctions (ECF No. 31) and Itemization of Attorneys' Fees and Costs Related to Motion to Compel Discovery and Impose Sanctions. (ECF No. 29.) Defendant Nationstar Mortgage, LLC filed a response to both motions (ECF Nos. 30, 32) and Plaintiffs filed a reply. (ECF No. 33.) Accordingly, the Motion is ripe for disposition. For the reasons that follow, the Court will grant Plaintiffs' Request for Attorneys' fees in part and deny Plaintiffs' Motion for Sanctions.

### I. Background

This case arises from a dispute regarding a mortgage on a home that Plaintiffs own in Tyrone, Pennsylvania. (ECF No. 1-3 ¶ 3.) Seterus, Inc. was the mortgage-servicing company for Plaintiffs' mortgage. (*Id.* ¶¶ 4-6.) Plaintiffs allege that Seterus—and its successor in interest, Nationstar Mortgage, LLC,[1] doing business as Mr. Cooper

---

[1] Seterus and Nationstar merged in 2019.

(collectively "Defendant")—violated federal and Pennsylvania law by failing to accept payment to satisfy the mortgage and failing to adequately communicate with the Plaintiffs. (ECF No. 1-3 ¶¶ 40-100.)

### a. The Fee Dispute

The fee dispute stems from Plaintiffs' prior Motion to Compel/Motion for Sanctions (ECF No. 25), which this Court granted in part and awarded attorney's fees. (*See* ECF No. 28.) Plaintiffs' counsel filed a Supplement, itemizing their attorney's fees required to prepare the motion and seeks a total of $3,227.50 (6.15 hours, billed at $250.00 per hour for $1537.50; 4.1 hours, billed at $400.00 per hour for $1640). (ECF No. 29.)

### b. The Motion for Sanctions

The second dispute arises from Defendant's alleged failure to respond to Plaintiffs' interrogatories. (ECF No. 31.) On February 5, 2019, Plaintiffs served interrogatories on Defendant, and Defendant responded on June 12, 2019, along with objections. (*Id.* at ¶¶ 1–2.) In its response, Defendant did not disclose any potential individual fact witnesses; on June 17, 2019, Plaintiffs filed their first Motion to Compel in reply. (*Id.* at ¶¶ 3–4.) Defendant amended its responses to identify Edward Hyne,[2] a record custodian, and later amended its responses a second time to include Stephanie Colgrove. (*Id.* at ¶¶ 7, 9, 10.)

Before the parties took depositions on August 8, 2019, Plaintiffs believed that most of Defendant's employees were terminated following its merger with Nationstar; during the deposition of Mr. Hyne, Plaintiffs learned that several of Defendant's employees were still employed with Defendant, rather than having been terminated following the merger.

---

[2] Plaintiff variously refers to Mr. Hyne as Mr. Hyne or Mr. Hynes. Defendant refers to Mr. Hyne, and the Court will do the same.

(*Id.* at ¶¶ 13–16.) Plaintiffs now wish to take the depositions of these employees, Stephanie Colgrove, Kayla Heady, Hyuen Nguyen, and Jennifer Moorman (the "Employees"), or bar Defendant from introducing their testimony at trial.

The Employees are located at Defendant's Beaverton, Oregon office, and Defendant has offered to make them available by telephone. (ECF No. 32 at ¶ 22.) At the parties' post-discovery status conference, the Parties and the Court discussed the issue (*see* ECF No. 34), and the parties agreed that conducting depositions via videoconference would be appropriate.

The Court will address the parties' arguments in turn.

## II. Legal Standard

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide discovery. *See* Fed R. Civ. P. 37. Rule 37 allows this Court to levy sanctions on a party who fails to disclose, supplement, or "provide information or identify a witness as required by Rule 26(a) or (e)." *Id.* Rule 37(c)(1). When a party fails to provide that information, the Court may sanction that party by barring the testimony of the witness, unless the failure to disclose was either "substantially justified" or "harmless." *Id.* The Court may also order other sanctions, including requiring the noncompliant party to pay attorneys' fees, inform the jury of that party's failure, or impose "other appropriate sanctions," including those under Rule 37(b)(2)(A)(i)–(iv).[3] *Id.*

---

[3] Those sanctions are: directing that certain facts are established for purposes of the action, barring the noncompliant party from supporting or opposing certain claims or defenses, striking pleadings, or staying the action until the party complies.

In determining whether to preclude the testimony of witnesses that a party fails to disclose, this Court considers several factors: (1) the prejudice to the surprised party; (2) the ability of the surprised party to cure that prejudice; (3) the disruption of trial caused by a waiver of the rule barring the calling of an unlisted witness; and (4) willfulness or bad faith in the withholding party's failure to comply with the Court's order. *Smith v. Allstate Ins. Co.*, 912 F. Supp. 2d 242, 249 (W.D. Pa. 2012) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05, (3d Cir. 1977), *overruled on other grounds, Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985)).

III. **Discussion**

    a. **The Court Grants Plaintiff's Attorneys' Fees Request in Part**

Defendant objects to Plaintiff's itemization on three grounds: (1) Plaintiffs' itemization fails to establish the reasonableness of the attorneys' billing rates; (2) a cost of over $3,200 to prepare a motion to compel is "patently unreasonable;" and (3) Plaintiffs' attorneys "essentially double-billed for the same work." (ECF No. 30 at 1–2.).

The Court has reviewed the Motion to Compel, the Response in Opposition, and the Reply (ECF Nos. 25, 26, 27), and considered the reasonable time and skill necessary to author and file those documents. As a result, the Court finds that, although the hourly rate charged by Plaintiffs' counsel is reasonable, 10.25 hours is an unreasonable amount of time to spend on the subject Motion to Compel and other associated filings filed with this Court.

Specifically, the Court: (1) reduces the 0.30 hours spent emailing Defendant's counsel about discovery requests to 0.15 hours; (2) reduces the 0.25 hours spent also

emailing Defendant's counsel about discovery to 0.10 hours; (3) the 0.20 hours spent emailing Plaintiffs about the case to 0.10 hours; (4) the 1.50 hours spent finalizing the Motion to Compel to 0.50 hours; (5) the 0.50 hours spent by both attorneys reviewing Defendant's Response to the Motion to Compel to 0.25 hours for each; (6) the 1.50 hours spent preparing the Reply to 0.50 hours; and (7) the 1.50 hours spent finalizing the Reply to 0.50 hours.

Therefore, the Court reduces the total hours fairly attributable to the Motion to Compel by 1.65 hours for the attorney billing at $250.00 per hour, and 2.25 hours for the attorney billing at $400.00. Accordingly, the Court will award a total of $1,865.00 (4.5 hours, billed at $250.00 per hour; 1.85 hours, billed at $400 per hour). The Court finds this reduction in Plaintiffs' counsel's requested attorneys' fees to represent a fair and reasonable fee for the work related to the Motion to Compel.

### b. The Court Orders Depositions of the Employees

Plaintiffs argue that this Court should bar Defendant from presenting evidence and testimony from the Employees at Trial because Defendant failed timely to disclose their existence to Plaintiffs. Defendant responds that, as a result of the merger—between two companies with hundreds of employees—Defendant lost track of the Employees and was not certain whether or not Defendant still employed them.

Here, while Plaintiffs may have suffered some prejudice in the delay in being informed of the existence and availability for depositions of the Employees, Plaintiffs can easily cure any existing prejudice simply by taking the Employees' depositions, to which Defendant has agreed. Defendant has agreed to permit Plaintiffs to take the Employees'

depositions via videoconference, obviating any need for Plaintiffs' counsel to travel to Oregon. Although it is a close call, the Court finds that there is insufficient evidence that Defendant failed to disclose their existence in bad faith and the fact that the merger of Seterus and Nationstar resulted in the termination of a large number of employees lends credence to Defense counsel's position that it was unaware of whether Defendant still employed the Employees.

Accordingly, the Court will deny Plaintiffs' Motion for Sanctions and order that Defendants provide the Employees for depositions.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Request for Attorneys' Fees is granted in part and Plaintiffs' Motion for Sanctions is denied.

A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES C. FOCHT and KAREN FOCHT, | ) | Case No. 3:18-cv-151 |
| | ) | |
| Plaintiffs, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, d/b/a | ) | |
| MR. COOPER, as successor in interest to | ) | |
| SETERUS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 2nd day of October, 2019, upon consideration of Plaintiffs' Motion for Sanctions and Itemization of Attorneys' Fees (ECF Nos. 31, 29), **IT IS HEREBY ORDERED** that the Motion for sanction is **DENIED** and Plaintiff's Request for Attorneys' Fees is **GRANTED IN PART**.

**IT IS FURTHER ORDERED AS FOLLOWS**:

(1) Defendant must pay to Plaintiff the sum of $1,865.00 on or before October 15, 2019;

(2) Plaintiffs shall be permitted to take the depositions by videoconference of Stephanie Colgrove, Kayla Heady, Hyuen Nguyen, and Jennifer Moorman. Plaintiffs shall take these depositions no later than November 15, 2019. Defendant shall cooperate fully in these depositions;

(3) The parties shall hold a post-discovery status conference with the Court on **December 16, 2019 at 1:30 p.m.**

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE